1

2

3

4

5

6

7

8                       UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10

11   GABRIELA CABRERA,                    ) CASE NO. CV 20-11448 MWF (PDx)
                                          )
12                      Plaintiff,        ) **ORDER RE COURT TRIAL**
                                          )
13        v.                              ) **I.      ORDER RE DEADLINES**
                                          )
14   SANDRA WANG, et al.,                 ) **II.     ORDER RE TRIAL**
                                          )        **PREPARATION**
15                      Defendants.       )
                                          ) **III.    ORDER GOVERNING**
16                                        )        **CONDUCT OF ATTORNEYS**
                                          )        **AND PARTIES**
17                                        )
                                          ) **Trial:  May 24, 2022**
18   _____ ) **Time:  8:30 a.m.**

19   ///

20   ///

21   ///

22   ///

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

                                        1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**I.**

**<u>DEADLINES</u>**

| Last Day to Add Parties/Amend Pleadings | August 31, 2021 |
|---|---|
| Non-expert Discovery Cut-off | January 28, 2022 |
| Expert Disclosure (Initial) | January 14, 2022 |
| Expert Disclosure (Rebuttal) | February 11, 2022 |
| Expert Discovery Cut-off | February 25, 2022 |
| Last Day to Hear Motions | February 28, 2022 |
| Last Day to Conduct ADR Proceeding | March 11, 2022 |
| File Status Report Regarding Settlement<br>File Motions In Limine | April 11, 2022 |
| Lodge Pretrial Conference Order<br>File Oppositions to Motions in Limine | April 18, 2022 |
| Lodge Findings of Fact and Conclusions of Law, and Summaries of Direct Testimony | May 2, 2022 |
| Final Pretrial Conference and Hearing on Motions in Limine | May 2, 2022, at 11:00 a.m. |
| Trial Date (Est. 2 to 3 Days) | May 24, 2022, at 8:30 a.m. |

///

///

///

///

///

///

///

2

A.      PARTIES/PLEADINGS

The Court has established a cut-off date for adding parties or amending pleadings.  All motions to add parties or to amend the pleadings must be noticed to be *heard* on or before the cut-off date.  All unserved parties will be dismissed at the time of the pretrial conference pursuant to Local Rule 16-8.1.

B.      DISCOVERY AND DISCOVERY CUT-OFF

1.      Discovery Cut-off:  The Court established a cut-off date for discovery, including expert discovery, if applicable.  This is not the date by which discovery requests must be served; it is the date by which all discovery, *including all hearings on any related motions*, is to be completed.

2.      Discovery Disputes:  Counsel are expected to comply with all Federal Rules of Civil Procedure and the Local Rules concerning discovery. Whenever possible, the Court expects counsel to resolve discovery problems among themselves in a courteous, reasonable and professional manner.  The Court expects that counsel will adhere strictly to the Civility and Professionalism Guidelines (which can be found on the Court's website under Attorney Information, Attorney Admissions).

3.      Discovery Motions:  Any motion challenging the adequacy of discovery responses must be filed, served, and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date if the motion is granted.

4.      Depositions:  All depositions shall commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motions concerning the deposition before the cut-off date.  Given the requirements to "meet and confer" and to give notice, in most cases a planned motion to compel must be discussed with opposing counsel at least six weeks before the cut-off.

///

5.     Written Discovery:  All interrogatories, requests for production of documents and requests for admissions must be served sufficiently in advance of the discovery cut-off date to permit the discovering party enough time to challenge (via motion practice) responses deemed to be deficient.

6.     Expert Discovery:  All disclosures must be made in writing.  The parties should begin expert discovery shortly after the initial designation of experts.  The final pretrial conference and trial dates will not be continued merely because expert discovery is not completed.  Failure to comply with these or any other orders concerning expert discovery may result in the expert being excluded as a witness.

C.     LAW AND MOTION

1.     The Court has established a cut-off date for the *hearing* of motions. All motions must be noticed so that the *hearing* takes place on or before the motion cut-off date.  Counsel are advised that the Court may close a hearing date once the number of motions filed exceeds the maximum number of motions that reasonably can be heard on that date.  Counsel should anticipate that a preferred hearing date may be unavailable.  Therefore, to avoid being unable to file a motion to be heard by the cut-off date, counsel *should file motions sufficiently in advance of the hearing cut-off date to ensure that a hearing date is available*.

2.     Counsel must provide Chambers with mandatory Chambers copies of all documents.  Chambers copies should not be put in envelopes.  Counsel should consult the Court's website at www.cacd.uscourts.gov, Judges' Procedures and Schedules, Hon. Michael W. Fitzgerald for further information regarding Chambers copies and motion procedures.

D.     SETTLEMENT PROCEDURES

Counsel must complete a settlement conference under the Court-Directed ADR Program no later than the date set by the Court.  If the parties desire to participate in an ADR procedure other than that elected in the Rule 26(f)

Scheduling Report and Order, they shall file a stipulation with the Court.  this request will not necessarily be granted.

No case will proceed to trial unless all parties, including the principals of all corporate parties, have appeared personally at a settlement conference.

E.   FINAL PRETRIAL CONFERENCE

1.   A final pretrial conference date has been set pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16-8.  Unless excused for good cause, each party appearing in this action shall be represented at the final pretrial conference by the lead trial counsel for that party.  Counsel should be prepared to discuss streamlining the trial, including presentation of testimony by deposition excerpts or summaries, time limits, stipulations as to undisputed facts, and qualification of experts by admitted resumes.  The Court encourages, but does not require, counsel to agree to submit direct testimony of witnesses by way of declaration or written statement confirmed under oath by the witness.

2.   The Court encourages, but does not require, counsel to agree to submit direct testimony of witnesses by way of declaration or written statement confirmed under oath by the witness.  *See* Local Rule 16-11.2(b).

**II.**

**TRIAL PREPARATION**

A.   PRETRIAL DOCUMENTS

1.   ALL PRETRIAL DOCUMENT COPIES DELIVERED TO THE COURT SHALL BE "BINDER-READY" (three-hole punched on the left side, without blue-backs, and stapled only in the top left corner).

2.   STRICT COMPLIANCE WITH LOCAL RULE 16 IS REQUIRED. THIS ORDER SETS FORTH SOME DIFFERENT AND SOME ADDITIONAL REQUIREMENTS.  THIS COURT DOES NOT EXEMPT *PRO PER* PARTIES FROM THE REQUIREMENTS OF RULE 16.  Carefully prepared memoranda of contentions of fact and law, witness lists, a joint exhibit list, and a proposed final

pretrial conference order shall be submitted in accordance with the Rules, and the format of the proposed final pretrial conference order shall conform to the format set forth in Appendix A to the Local Rules.  Failure to comply with these requirements may result in the final pretrial conference being taken off-calendar or continued, or in other sanctions.

3. The filing schedule for pretrial documents is as follows.

    a. <u>At least 21 days before final pretrial conference</u>:

        • Memoranda of contentions of fact and law

        • Witness lists

        • Joint exhibit list

        • Motions *in limine*

    b. <u>At least 14 days before final pretrial conference</u>:

        • Proposed final pretrial conference order

        • Statement of the case

        • Oppositions to motions *in limine*

    c. <u>At least 21 days before trial</u>:

        • Proposed findings of fact and contentions of law, if the matter requires them

    d. <u>At least 7 days before trial</u>:

        • Trial briefs, if desired

        • Opposing parties' proposed findings of fact and conclusions of law, marked as described in this Order.

4. In addition to the requirements of Local Rule 16, the witness lists must include a brief description (one or two paragraphs) of the testimony and a time estimate for both direct and cross-examination (separately stated).  See attached samples.

///

///

1         B.    MOTIONS *IN LIMINE*

2         Each party is limited to five (5) motions *in limine,* unless the Court grants

3    leave to file additional motions.  All motions and oppositions are limited to ten

4    (10) pages in length.  All motions *in limine* must be filed at least three weeks

5    before the final pretrial conference; oppositions must be filed at least two weeks

6    before the final pretrial conference; reply briefs will not be accepted.  Counsel are

7    to meet and confer with opposing counsel to determine whether opposing counsel

8    intend to introduce the disputed evidence and to attempt to reach an agreement

9    that would obviate the motion.The Court will rule on motions *in limine* at the

10   final pretrial conference.  Motions in *limine* should address specific issues (*e.g.*,

11   not "to exclude all hearsay").  Motions *in limine* should not be disguised motions

12   for summary adjudication of issues.

13        C.    PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF

14                LAW

15        1.    For any matter requiring findings of fact and conclusions of law,

16   counsel for each party shall, *no later than 21 days before trial*, file with the Court

17   and serve on opposing counsel that party's proposed findings of fact and

18   conclusions of law in the format specified in Local Rule 52-3.

19        2.    *Seven days before the trial date*, each counsel shall file with the

20   Court and serve on opposing counsel a copy of the *opposing* party's proposed

21   findings of fact and conclusions of law, marked as follows:

22              a.    Strike through those portions the party disputes;

23              b.    Bold those portions the party admits; and

24              c.    Underline those portions the party admits but considers

25                  irrelevant.

26        3.    Counsel need not make a uniform determination as to an entire

27   proposed finding or conclusion, and may agree with a portion, dispute another

28   portion, and consider a portion irrelevant.  Counsel should, however, have only a

1    single fact or conclusion of law contained in each paragraph.

2         4.    The parties may submit supplemental proposed findings of fact and

3    conclusions of law *during the course of the trial*.  If more than five supplemental

4    findings are proposed, the same designating procedures should be used.

5         5.    *At the time of filing*, each party also must submit its own unmarked

6    proposed findings of fact and conclusions of law to the Chambers e-mail box in

7    Word or WordPerfect format.

8         D.    TRIAL EXHIBITS

9         1.    Exhibits must be placed in three-ring binders indexed by exhibit

10   number with tabs or dividers on the right side.  Counsel shall submit to the Court

11   an original and two copies of the binders.  The spine portion of the binder shall

12   indicate the volume number *and* contain an index of each exhibit included in the

13   volume.

14        2.    The Court requires that the following be submitted to the Courtroom

15   Deputy Clerk ("CRD") on the *first day of trial*:

16             a.    The binder of *original exhibits* with the Court's exhibit tags,

17   yellow tags for plaintiff and blue tags for defendant, stapled to the front of the

18   exhibit on the upper right-hand corner with the case number, case name, and

19   exhibit number placed on each tag.

20             b.    Two binders with a copy of each exhibit tabbed with numbers

21   as described above for use by the Court.  (Exhibit tags are not necessary on these

22   copies.)

23             c.    Three copies of exhibit lists.

24             d.    Three copies of witness lists in the order in which the

25   witnesses may be called to testify.

26             e.    Exhibit tags may be obtained from the receptionist in the

27   Public Intake Section, located on the Main Street level of the courthouse at 312

28   North Spring Street, Room G-19.  Digital exhibit tags are also now available on

1   the Court's website under Court Forms > General Forms > Form G-14A

2   (Plaintiff) and G-14B (Defendant).  Digital exhibit tags may be used in place of

3   the tags obtained from the Clerk's Office.

4         3.     All counsel are to meet not later than ten days before trial and to

5   stipulate, so far as is possible, to foundation, to waiver of the best evidence rule

6   and to those exhibits that may be received into evidence at the start of the trial.

7   The exhibits to be so received will be noted on the extra copies of the exhibit lists.

8         E.    <u>TRIAL</u>

9         Trial days are Tuesday through Friday from 9:00 a.m. to approximately

10   4:30 p.m. with two fifteen-minute breaks and a one-hour lunch break.

11         F.    <u>COURT REPORTER</u>

12         Any party requesting special court reporter services for any hearing (*i.e.*,

13   real time transmission, daily transcripts) shall notify the reporter *at least 2 weeks*

14   *before the hearing date*.

15                               **III.**

16            **<u>CONDUCT OF ATTORNEYS AND PARTIES</u>**

17       A.    <u>OPENING STATEMENTS, EXAMINING WITNESSES, AND</u>

18              <u>SUMMATION</u>

19       1.     Counsel must use the lectern.

20       2.     Counsel must not consume time by writing out words, drawing

21   charts or diagrams, etc.  Counsel may prepare such materials in advance.

22       3.     The Court will honor (and may establish) reasonable time estimates

23   for opening statements and closing arguments, examination of witnesses, etc.

24       B.    <u>OBJECTIONS TO QUESTIONS</u>

25       1.     Counsel must not use objections for the purpose of making a speech,

26   recapitulating testimony, or attempting to guide the witness.

27       2.     When objecting, counsel must rise to state the objection and state

28   only that counsel objects and the legal ground of objection.  If counsel wishes to

1   argue an objection further, counsel must ask for permission to do so.

2       C.   GENERAL DECORUM

3       1.   Counsel should rise when addressing the Court, and when the Court

4   enters or leaves the courtroom.

5       2.   Counsel should not approach the CRD or the witness box without

6   specific permission and must return to the lectern when the purpose for

7   approaching has been accomplished.

8       3.   Counsel should address all remarks to the Court.  Counsel are not to

9   address the CRD, the court reporter, persons in the audience or opposing counsel.

10  If counsel wish to speak with opposing counsel, counsel must ask permission to

11  do so.  Any request for the re-reading of questions or answers shall be addressed

12  to the Court.  Requests may not be granted.

13      4.   Counsel should not address or refer to witnesses or parties by first

14  names alone, with the exception of witnesses under 14 years old.

15      5.   Counsel must not offer a stipulation unless counsel have conferred

16  with opposing counsel and have verified that the stipulation will be acceptable.

17      6.   While Court is in session, counsel must not leave counsel table to

18  confer with any person in the back of the courtroom unless permission has been

19  granted in advance.

20      7.   Counsel shall not make facial expressions, nod, shake their heads,

21  comment, or otherwise exhibit in any way any agreement, disagreement, or other

22  opinion or belief concerning the testimony of a witness. Counsel shall admonish

23  their clients and witnesses not to engage in such conduct.

24      8.   Where a party has more than one lawyer, only one may conduct the

25  direct or cross-examination of a particular witness, or make objections as to that

26  witness.

27  ///

28  ///

10

1           D.     PROMPTNESS OF COUNSEL AND WITNESSES

2           1.     Promptness is expected from counsel and witnesses.  Once counsel

3    are engaged in trial, this trial is counsel's first priority.  The Court will not delay

4    the trial.

5           2.     If a witness was on the stand at a recess or adjournment, counsel who

6    called the witness shall ensure the witness is back on the stand and ready to

7    proceed when trial resumes.

8           3.     Counsel must notify the CRD in advance if any witness should be

9    accommodated based on a disability or for other reasons.

10          4.     No presenting party may be without witnesses.  If a party's

11   remaining witnesses are not immediately available and there is more than a brief

12   delay, the Court may deem that party to have rested.

13          5.     The Court attempts to cooperate with professional witnesses and

14   will, except in extraordinary circumstances, accommodate them by permitting

15   them to be called out of sequence.  Counsel must anticipate any such possibility

16   and discuss it with opposing counsel.  If there is an objection, counsel must

17   confer with the Court in advance.

18          E.     EXHIBITS

19          1.     Each counsel should keep counsel's own list of exhibits and should

20   note when each has been admitted into evidence.

21          2.     Each counsel is responsible for any exhibits that counsel secures

22   from the CRD and must return them before leaving the courtroom at the end of

23   the session.

24          3.     An exhibit not previously marked should, at the time of its first

25   mention, be accompanied by a request that it be marked for identification.

26   Counsel must show a new exhibit to opposing counsel before the court session in

27   which it is mentioned.

28          4.     Counsel are to advise the CRD of any agreements with respect to the

1  proposed exhibits and as to those exhibits that may be received without further

2  motion to admit.

3       5.     When referring to an exhibit, counsel should refer to its exhibit

4  number.  Witnesses should be asked to do the same.

5       6.     Counsel must not ask witnesses to draw charts or diagrams nor ask

6  the Court's permission for a witness to do so.  Any graphic aids must be fully

7  prepared before the court session starts.

8       F.     DEPOSITIONS

9       1.     All depositions to be used at trial, either as evidence or for

10 impeachment, must be lodged with the CRD *on the first day of trial or such*

11 *earlier date as the Court may order*.  Counsel should verify with the CRD that the

12 relevant deposition is in the CRD's possession.

13      2.     In using depositions of an adverse party for impeachment, either one

14 of the following procedures may be adopted:

15           a.     If counsel wishes to read the questions and answers as alleged

16 impeachment and ask the witness no further questions on that subject, counsel

17 shall first state the page and line where the reading begins and the page and line

18 where the reading ends, and allow time for any objection.  Counsel may then read

19 the portions of the deposition into the record.

20           b.     If counsel wishes to ask the witness further questions on the

21 subject matter, the deposition shall be placed in front of the witness and the

22 witness told to read the relevant pages and lines silently.  Then counsel may either

23 ask the witness further questions on the matter and thereafter read the quotations,

24 or read the quotations and thereafter ask further questions.  Counsel should have

25 an extra copy of the deposition for this purpose.

26      3.     Where a witness is absent and the witness's testimony is offered by

27 deposition, counsel may (a) have a reader occupy the witness chair and read the

28 testimony of the witness while the examining lawyer asks the questions, or (b)

have counsel read both the questions and answers.

       G.      <u>USING NUMEROUS ANSWERS TO INTERROGATORIES AND REQUESTS FOR ADMISSIONS</u>

Whenever counsel expects to offer a group of answers to interrogatories or requests for admissions extracted from one or more lengthy documents, counsel should prepare a new document listing each question and answer and identifying the document from which it has been extracted.  Copies of this new document should be given to the Court and opposing counsel.

       H.      <u>ADVANCE NOTICE OF UNUSUAL OR DIFFICULT ISSUES</u>

If any counsel have reason to anticipate that a difficult question of law or evidence will necessitate legal argument requiring research or briefing, counsel must give the Court advance notice.  Counsel are directed to notify the CRD at the day's adjournment if an unexpected legal issue arises that could not have been foreseen and addressed by a motion *in limine.  See* Fed. R. Evid. 103.

***N.B.* "COUNSEL," AS USED IN THIS ORDER, INCLUDES PARTIES APPEARING *IN PROPRIA PERSONA*.**

IT IS SO ORDERED.

Dated:  May 27, 2021

MICHAEL W. FITZGERALD
United States District Judge

13

1
2
3
4
5
6
7
8                                    UNITED STATES DISTRICT COURT
9                                  CENTRAL DISTRICT OF CALIFORNIA
10
11                                              )    CASE NO. CV            -MWF(   x)
                                                )
12                      Plaintiff(s),           )    EXHIBIT LIST
                                                )
13          v.                                  )          *SAMPLE FORMAT*
                                                )
14                                              )
                                                )
15                      Defendant(s).           )
16    _____  )

17
| EX. No. | DESCRIPTION | IDENTIFIED | ADMITTED |
|---------|-------------|------------|----------|
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |
|         |             |            |          |

18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT
9                     CENTRAL DISTRICT OF CALIFORNIA
10
11                                      )     CASE NO. CV          -MWF(   x)
                                        )
12              Plaintiff(s),           )     WITNESS LIST
                                        )
13        v.                            )          *SAMPLE FORMAT*
                                        )
14                                      )
                                        )
15              Defendant(s).           )
                                        )
16    _____)
17

| | DATES OF TESTIMONY |
|---|---|
| **WITNESSES FOR PLAINTIFF** | |
| | *(to be filled in during trial)* |
| | |
| | |
| | |
| **WITNESSES FOR DEFENDANT** | |
| | |
| | |
| | |
| | |

27
28